# UNITED STATES DISTRICT COURT CAMDEN
## DISTRICT OF NEW JERSEY

Victor Medina, pro-se,
Plaintiff,
No.

v.

Officer Michael Turner,
Camden County Correctional Facility, Et. Als.,
Defendant's.

Civil Action

09cv6347
(JBS)(KMW)

### Jurisdiction

Plaintiff brings the present action pursuant to 42 USC Sec. 1983 and the Eighth and Fourteenth Amend ment.

### Previous Law Suits
None

### Place of Confinement
Camden County Correctional Facility

### Address of Involved Parties
Victor Medina, #221029
Camden County Correctional Facility
P.O. Box 90431
Camden, N.J. 08102

### Defendant's
Camden County Correctional Facility
P.O. Box 90431
Camden, N.J. 08102

(Defendant's are being sued in there (individual) and (official) capacities

### Statement of Facts

(1) On August 27, 2009 While being pat searched by a Camden county Correctional officer on the third floor officer Michael Turner for no apparent

reason began physically and verbally assault plaintiff. Ofcr. Turner grabbed plainttiff by the throat and physically slammed plaintiff against the control booth and concrete wall causing injury his neck, back and head.
(2) At the time Ofcr. Turner was slamming plaintiff against the wall and controll booth plaintiff temporarily lost consciousness, his vision became blurred and his neck and back began to trouble him.
(ongoing pain in his neck and back).
(3) Plaintiff was subjected to this wanton behavior of ofcr. Turner for what seemed like *forever* until ofcr. Grundloc who was doing the initial pat down stepped in between the two as ofcr. Turner refused to heed the orders of Sgt. Wilson the third floor supervisor for the day to release plaintiff. It was as if ofcr. Turner had simply (*blacked-out*). Ofcr. Turner was being ordered to stop but he continued to slam plaintiff against the wall and third floor control booth.
(4) Once ofcr. Grundloc told ofcr. Turner it was *o.k.* plaintiff was released. At the time Ofcr. Turner was choking and slamming plaintiff plaintiff was begging him to please stop but was unable to verbally voice anything due to the choke hold ofcr. Turner had on plaintiff's throat. Plaintiff was terrefied as he was worried wether the other officer's were going to engage in the assault he was being subjected to.
(5) Plaintiff was then worried that the officer's would lie or do something to cover the attack that had just taken place, but nothing was done. No infractions were written against plaintiff nor was an apology ever uttered. Plaintiff was eventually sent to medical for a evaluation and prescribed medications for the neck and back pain he is still to date suffering and to which he is still taking medication for.
(6) Plaintiff was eventually seen by the CCCF internal affairs officer investigator Coleman in the following week at which time a formal statement was rendered regarding the above noted assaault. Statements were also given by other's who observerd the aassault inmates; William Durham,# 219144,JasonMartinez,#216744, Jonathan Banks, ofcr. Grundloc and Seargent Wilson.
(7) Plaintiff was seen again by internal affairs on Septrember 15, 2009 and was notified he would be moved from the Camden County Correctional Facility due to safety precautions and plaintiff left CCCF on Sept. 17, 2009.
(8) Plaintiff was held at Salem County Jail until October 19, 2009 and during the time plaintiff was being held in Salem County defendant ofcr. Michael Turner was placed on suspension by CCCF supervisor's for the act's committed against plaintiff on August 27,2009.

(9) Upon Plaintiff's return to CCCF a seperation order was put in place to keep plaintiff and defendant ofcr. Michael Turner from being within each others presence and to date defendant ocfr. Turner is on booth duty i.e. meaning he is not permitted to work the county jail pod floors he is restricted to the control booth *especially* where plaintiff is being housed at (and other prisoner's as well).

### Exhaustion of Grievance Procedure
(completed)

### Arguement

Defendant ofcr. Michael Turner without reason did act with reckless disregard toward plaintiff's well being and health by subjecting him to wanton and unnecessary excessive force in violation of the Eighth Amendment of our U.S. Constitution. Although plaintiff is presently confined for an alleged criminal offense he still has a right to be free fom harm and safe of unnecessary assaults and abuse especially by his care takers. It is evident by the fact plaintiff was moved out of the CCCF and presently has a seperation order in place with accused defendant. Defendant was also placed on administrative leave (suspension) so the internal affairs investigation along with the compiled statements and review of the institutional security camera all show how defendant acted abusively and with completely no regard for the life inflicting injuries plaintiff is now forced to deal with. The plaintiff was and is still taking medications for the injuries suffered on August 27, 2009.

### Releif Sought
Plaintiff seeks to be *monetarily* compensated

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this ___11th___ day of _December_, 200_9_.

_Victor Medina_
Signature of Plaintiff